■ OLGA JOHANSEN, Appellant, v ROBERT H. OZER, Respondent. [637 NYS2d 40] —Order, Supreme Court, New York County (Helen Freedman, J.), entered August 3, 1994, which granted defendant's motion for summary judgment dismissing the action as time-barred to the extent of barring any claims arising out of treatment rendered prior to November 29, 1990, and order of the same court and Justice entered on or about December 14, 1994, which granted reargument and renewal but adhered to the original determination, unanimously modified, on the law and the facts, to delete reference to November 29, 1990 and insert October 29, 1990, instead, and otherwise affirmed, without costs.

Plaintiff has not shown that the various treatments she received for different teeth groups were related to the same condition or injury, and thus part of a course of continuous treatment, especially in light of her inordinate delays between visits, unexcused failure to keep several appointments, and disregard of certain of defendant's instructions (*see, Coyne v Besser*, 165 AD2d 857, 859, *lv denied* 77 NY2d 808; *see also, Nykorchuck v Henriques*, 78 NY2d 255, 259). If the gravamen of plaintiff's claim is that defendant failed to establish a course of treatment, then "we cannot accept the self-contradictory proposition that the failure to establish a course of treatment is a course of treatment" (*supra*, at 259). Plaintiff is therefore barred by the two-year-and-six-month dental malpractice Statute of Limitations (CPLR 214-a) from pursuing any claims for treatment that occurred before October 29, 1990, the earliest treatment date within that period. We modify as indicated to correct an apparent inadvertence. Concur—Murphy, P. J., Sullivan, Kupferman, Ross and Williams, JJ.