■ FRANCESCO GRIPPI et al., Respondents, v LEONARD JANKU-NAS, Appellant, et al., Defendant. [646 NYS2d 829] —In an action to recover damages for dental malpractice, etc., the defendant Leonard Jankunas, D.D.S., appeals from an order of the Supreme Court, Queens County (Lane, J.), dated September 22, 1995, which denied his motion for summary judgment dismissing the complaint as to treatment rendered before January 18, 1992, on the ground that recovery therefor is barred by the Statute of Limitations.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment is granted to the extent that the complaint is dismissed insofar as it seeks to recover damages against the defendant Jankunas for treatment rendered before January 18, 1992.

The plaintiff Francesco Grippi was a patient of the defendant dentist from May 1982 to March 1992. The plaintiffs commenced the instant malpractice action on or about July 18, 1994, alleging that, *inter alia,* due to the defendant's negligence in failing to timely diagnose Francesco Grippi's periodontal condition and in failing to provide proper periodontal care, he sustained injuries as a result of periodontal disease. The defendant moved to dismiss all claims arising out of treatment that took place more than two and one-half years before the commencement of the action *(see,* CPLR 214-a). The Supreme Court denied the motion finding that the continuous treatment doctrine applied. We disagree.

Under the continuous treatment doctrine, the two and one-half-year Statute of Limitations for a medical or dental malpractice action *(see,* CPLR 214-a) is tolled until after a plaintiff's last treatment " ' "when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint" ' " *(Nykorchuck v Henriques,* 78 NY2d 255, 258; *Mc-Dermott v Torre,* 56 NY2d 399, 405). Essential to the application of the doctrine is that there has been a course of treatment established with respect to the condition that gives rise to the lawsuit *(see, Nykorchuck v Henriques, supra).* Neither the mere " 'continuing relation between physician and patient' nor 'the continuing nature of a diagnosis' " is sufficient to satisfy the requirements of the doctrine *(Nykorchuck v Henriques, supra,* at 259; *see also, Ganess v City of New York,* 85 NY2d 733; *Massie v Crawford,* 78 NY2d 516, 520).

In the instant case, the plaintiffs' evidence established only that Francesco Grippi had a patient-dentist relationship with the defendant Jankunas during a period of approximately 10

years. Grippi first saw Dr. Jankunas about having some missing teeth replaced and having some stains removed. During the course of the next several years, Grippi underwent root canal, had crowns and bridges placed into his mouth, had cavities filled, had two teeth extracted and had his teeth cleaned and polished. There is no evidence that Dr. Jankunas ever undertook to treat Grippi's periodontal condition. While Dr. Jankunas's failure to examine, diagnose and treat the plaintiff's periodontal disease "may well be negligent, we cannot accept the self-contradictory proposition that the failure to establish a course of treatment is a course of treatment" (*Nykorchuck v Henriques, supra,* at 259).

Accordingly, the plaintiff was not entitled to the benefit of the continuous treatment doctrine and any claims arising out of Dr. Jankunas's conduct that occurred before January 18, 1992, are time-barred (*see,* CPLR 214-a; *Merriman v Sherwood,* 204 AD2d 998; *Iazzetta v Vicenzi,* 200 AD2d 209; *Polizzano v Weiner,* 179 AD2d 803; *Landau v Salzman,* 129 AD2d 774). Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.