■ ANN CHESROW et al., Respondents, v ANTHONY J. GALIANI, Appellant. [650 NYS2d 158] —Order of the Supreme Court, Bronx County (Luis Gonzalez, J.), entered on or about November 22, 1995, which denied defendant's motion seeking partial summary judgment dismissing plaintiffs' first and second causes of action insofar as they seek damages allegedly incurred more than $2^1/2$ years prior to the commencement of this action, unanimously reversed, on the law, without costs, and the motion granted.

The complaint alleges that defendant dentist committed medical malpractice in failing to diagnose and treat plaintiff Ann Chesrow for periodontal disease. Her husband, plaintiff

Robert Chesrow, seeks derivative damages for loss of consortium.

Although conceding that x-rays taken as early as May 1986 indicate that plaintiff Ann Chesrow had sustained bone loss, defendant testified in the course of his examination before trial that his records make no mention of any discussion with his patient regarding this condition. He further stated that he performed no periodontal probing to determine the extent of the disease, devised no course of treatment to alleviate the condition and made no referral to a periodontist. Ms. Chesrow was last seen for treatment by defendant on December 23, 1991. This action was instituted on March 24, 1993.

Defendant moved to dismiss such part of the action against him as seeks damages for injuries resulting from treatment received more than $2^1/_2$ years before plaintiffs instituted this lawsuit. In denying defendant's motion for partial summary judgment, Supreme Court held that issues of fact are presented with respect to the applicability of the continuous treatment doctrine.

Plaintiffs contend, as they did in opposition to defendant's motion, that he should be estopped to plead the Statute of Limitations pursuant to the Court of Appeals' decision in *Simcuski v Saeli* (44 NY2d 442). At issue, therefore, is whether the Statute of Limitations for medical malpractice (CPLR 214-a) confines plaintiffs' recovery to those claims that accrued within $2^1/_2$ years of the commencement of the action or whether the Statute should be tolled, either because of defendant's assertedly fraudulent concealment of his patient's condition or because of the continuous treatment exception of CPLR 214-a.

Plaintiffs' theory of estoppel is unavailing. In *Simcuski v Saeli* (*supra*, at 454), the Court of Appeals emphasized that, in order to apply the doctrine of equitable estoppel to defeat a defense predicated on the Statute of Limitations, the defendant's conduct must be shown to transcend mere negligence and to comprise "the purposeful concealment and misrepresentation of the fact and consequences of the malpractice." This subject was revisited in *Rizk v Cohen* (73 NY2d 98, 102), in which the Court rejected the contention that the "defendants should be estopped from asserting the Statute of Limitations defense due to their fraudulent concealment", based upon their failure to advise the plaintiff of a " 'soft tissue mass completely filling left internal auditory canal, a presumed acoustic neuroma' " (*supra*, at 101). The Court explained (*supra*, at 105) that there can be no fraudulent misrepresentation where, as in the matter at bar, the "plaintiff relies on the same act which

forms the basis of his negligence claim"—the failure to diagnose and treat the condition—as the foundation of an asserted equitable estoppel. As the failure of defendant to disclose the existence of periodontal disease forms the basis of plaintiffs' action for malpractice, it cannot be asserted as grounds for an estoppel.

Application of the continuous treatment doctrine is likewise unsupported by the facts of record. In her bill of particulars, plaintiff Ann Chesrow indicated that, during the period from mid-1988 through mid-1991, she received treatment from defendant in virtually every month, and in some instances, on several occasions during the month. While the record demonstrates that a dentist-patient relationship extended over the course of 16 years and that Ms. Chesrow showed signs of periodontal disease as early as 1986, there is no indication that she was ever treated by defendant for this condition (*see, Iazzetta v Vincenzi*, 200 AD2d 209, 212, *lv dismissed* 85 NY2d 857). Therefore, plaintiffs have not met the burden the law imposes upon them to establish that the Statute of Limitations should be measured from the last date of treatment (*Simcuski v Saeli, supra*, at 450) by virtue of "continuous treatment for the same illness, injury or condition which gave rise to the said act, omission, or failure" (CPLR 214-a; *see, Borgia v City of New York*, 12 NY2d 151, 155).

As noted in *Rizk v Cohen* (73 NY2d, *supra*, at 103), "neither the 'continuing nature of a diagnosis' (*McDermott v Torre*, 56 NY2d 399, 406, *supra*), nor the 'mere continuity of a general physician-patient relationship' (*Borgia v City of New York*, 12 NY2d 151, 157, *supra*), is sufficient to establish continuous treatment" for the purpose of tolling the Statute of Limitations for medical malpractice. In the absence of any showing that a course of treatment was ever established in connection with Ann Chesrow's periodontal disease, the doctrine simply has no application. As stated in *Nykorchuck v Henriques* (78 NY2d 255, 259): "The gravamen of plaintiff's claim is not that the doctor performed certain negligent acts or omissions during a course of treatment * * * but rather that the doctor was negligent in failing to establish a course of treatment at all. While the failure to treat a condition may well be negligent, we cannot accept the self-contradictory proposition that the failure to establish a course of treatment is a course of treatment" (*see also, Johansen v Ozer*, 223 AD2d 412).

Finally, with respect to Robert Chesrow's derivative cause of action for loss of consortium, CPLR 214-a tolls the limitations period only for the aggrieved patient and not for a spouse or

other person seeking to recover for lost services (*Wojnarowski v Cherry*, 184 AD2d 353, 354-355). Concur—Sullivan, J. P., Milonas, Rubin, Williams and Mazzarelli, JJ.