■ BERTRAM TREBACH, Appellant, v HERBERT BROWN, Respondent. [673 NYS2d 110] —Order, Supreme Court, New York County (Stanley Sklar, J.), entered February 21, 1997, which granted defendant's motion for partial summary judgment dismissing, as time barred, plaintiff's claims for failure to diagnose and treat his periodontal disease and other acts of alleged malpractice respecting dental treatment rendered to him by defendant prior to December 28, 1991, unanimously affirmed, without costs.

We agree with the IAS Court that although defendant's failure to diagnose plaintiff's periodontal disease beginning in 1986 may have been negligent, there was no course of treatment administered by defendant for the alleged periodontal condition, much less one that extended continuously so as to

bring it within the applicable statutory period set forth in CPLR 214-a. Indeed, plaintiff has alleged in his complaint not merely a failure of diagnosis but of treatment during the post-1986 period, and "we cannot accept the self-contradictory proposition that the failure to establish a course of treatment is a course of treatment" (*Nykorchuck v Henriques*, 78 NY2d 255, 259; *Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 297; *see also, Merriman v Sherwood*, 204 AD2d 998, 998-999; *Iazzetta v Vicenzi*, 200 AD2d 209, *lv dismissed* 85 NY2d 857). Accordingly, plaintiff's claim that defendant failed to diagnose plaintiff's periodontal condition, to the extent that that failure occurred more than 2½ years prior to the commencement of this action, is time barred (*see*, CPLR 214-a). Moreover, plaintiff's contention, raised for the first time in opposition to defendant's motion for partial summary judgment, that defendant both diagnosed and continuously treated plaintiff's periodontal condition is devoid of merit. As the IAS Court aptly noted, defendant's recommendation that plaintiff commence "a regimen of hydrogen peroxide in a paste and in the water pik" does not constitute continuous treatment, despite the conclusory statements of plaintiff's expert. We have considered plaintiff's other arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Williams and Tom, JJ.