■ SHERI PIETROMONACO et al., Appellants, v BORAH SCHWARTZMAN et al., Respondents. [686 NYS2d 102] —In an action to recover damages for dental malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Franco, J.), dated December 24, 1997, as granted the defendants' motion to dismiss the complaint to the extent of dismissing as time-barred all claims arising from acts committed by the defendants

prior to October 30, 1993, and denied their cross motion for leave to amend the verified bill of particulars to assert additional dates of treatment.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiffs' contention, the Supreme Court properly determined that the continuous treatment doctrine does not apply to toll the Statute of Limitations applicable to their dental malpractice claim (*see,* CPLR 214-a). The record demonstrates that the dental treatment rendered by the defendants Borah Schwartzman, DDS, and Borah Schwartzman, DDS, P. C. (hereinafter collectively referred to as Schwartzman), to the plaintiff Sheri Pietromonaco over a period of many years consisted of routine checkups and a series of isolated and discrete procedures which were performed intermittently with respect to different teeth. During the period in question, Schwartzman neither diagnosed Sheri as suffering from periodontal disease nor undertook to treat her for this condition. Accordingly, the continuous treatment toll is unavailable to the plaintiffs (*see, Chesrow v Galiani,* 234 AD2d 9; *Grippi v Jankunas,* 230 AD2d 826; *Merriman v Sherwood,* 204 AD2d 998; *see generally, Young v New York City Health & Hosps. Corp.,* 91 NY2d 291; *Nykorchuck v Henriques,* 78 NY2d 255).

In view of the foregoing, we discern no error in the court's denial of the plaintiffs' cross motion to amend their verified bill of particulars to assert additional dates of treatment which predate the applicable limitations period. Thompson, Sullivan and McGinity, JJ., concur.

Miller, J. P., dissents and votes to reverse the order insofar as appealed from, with the following memorandum: I must respectfully dissent from the conclusion reached by my colleagues that no issues of fact exist as to the applicability of a continuous treatment toll. The record aptly demonstrates, based upon the deposition testimony of the individual defendant, that from the inception of the dentist-patient relationship, the defendants (hereinafter collectively referred to as Schwartzman) were providing treatment for the plaintiff Sheri Pietromonaco's (hereinafter the plaintiff) periodontal condition. As early as 1976, Schwartzman was concerned with tartar and plaque build-up on the plaintiff's teeth. In subsequent visits over ensuing years, Schwarzman provided treatment for a variety of the plaintiff's dental problems. In 1976 Schwarzman found her periodontal condition to be normal. At various times in 1977 Schwartzman performed scalings to remove tartar and

plaque. In 1979 Schwartzman evaluated the plaintiff's periodontal condition, and concluded that her recurring plaque and tartar conditions served as "a warning that things are going to be deteriorating unless we change that". Despite these relevant periodontal concerns and treatments, including numerous extraction and evaluations of clinical signs of bone loss, Schwartzman never expressly diagnosed the plaintiff's condition to be one of periodontal disease until 1995. According to the plaintiffs' expert, Schwartzman's handling of the plaintiff's periodontal condition constituted malpractice.

I am more than satisfied that the plaintiff demonstrated the existence of an issue of fact that she has been under Schwartzman's continuous treatment for the very condition giving rise to her malpractice claims (*see, Lee v Goldman,* 255 AD2d 366; *Easton v Kellerman,* 248 AD2d 913; *Kimiatek v Post,* 240 AD2d 372; *Parker v Jankunas,* 227 AD2d 537; *Koenigsberg v Tannous,* 225 AD2d 734; *Yelin v American Dental Ctr.,* 184 AD2d 693). I do not disagree with the proposition that a mere dentist-patient relationship including routine diagnostic examinations is insufficient to support the invocation of the continuous treatment toll (*see, Parsons v Rubin,* 239 AD2d 653). I also do not dispute the proposition of law that there can be no continuous treatment unless the dentist first diagnoses and treats an identified condition related to the malpractice alleged (*see, Trebach v Brown,* 250 AD2d 449; *Grippi v Jankunas,* 230 AD2d 826; *Grassman v Slovin,* 206 AD2d 504). However, these rules of law are wholly inapposite to the facts at bar. The gist of the plaintiff's claim is that Schwartzman failed to properly diagnose and treat her periodontal condition and the record clearly demonstrates that Schwartzman was providing relevant treatment. Whether or not Schwartzman ever told the plaintiff that she suffered from periodontal disease prior to 1995, it is clear that the plaintiff had placed herself in Schwartzman's care for her overall dental well-being and that as a part thereof, Schwartzman was treating her periodontal problems. At a minimum, the plaintiff has demonstrated the existence of questions of fact and thus I would deny Schwartzman's motion insofar as it sought to preclude the plaintiff from invoking the continuous treatment toll so as to reach alleged acts of malpractice committed beyond the otherwise applicable Statute of Limitations. Similarly, I would thus permit the service of an amended bill of particulars concerning these earlier acts of alleged malpractice.