■ JANE S. SMITH, Respondent, v MARTIN FIELDS, Appellant. [702 NYS2d 364] —In an action to recover damages for dental malpractice and lack of informed consent, the defendant appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered February 25, 1999, which denied his motion for (1) partial summary judgment dismissing the plaintiff's first cause of action to the extent that it is based upon malpractice alleged to have occurred more than two and one-half years prior to the commencement of this action, and (2) summary judgment dismissing the plaintiff's second cause of action based upon a lack of informed consent.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is granted, the first cause of action is dismissed insofar as it seeks to recover damages for malpractice alleged to have occurred more than two and one-half years before the commencement of this action, and the second cause of action is dismissed in its entirety.

The plaintiff, Jane Saffir Smith, was a patient of the defendant dentist for a period of over 30 years, from approximately 1962 until April 12, 1994. On December 18, 1995, over one year after she stopped seeing the defendant, the plaintiff commenced this lawsuit against him, alleging in her first cause of action that the defendant failed to diagnose her "disintegrating periodontal condition", and failed to adequately treat that condition, or refer her to a qualified periodontal specialist. In a second cause of action, she alleged a lack of informed consent based upon the defendant's failure to inform her of "the risks and consequences of the prescribed treatment, and of the destructive nature of the progressive periodontal disease, and of the availability of specialists". The defendant subsequently moved for summary judgment dismissing the plaintiff's first cause of action to the extent that it is based on alleged acts of malpractice which took place more than two and one-half years before the commencement of the action, and dismissing the cause of action based on lack of informed consent. The Supreme Court denied the defendant's motion, and we reverse.

A medical or dental malpractice claim generally accrues on the date of the alleged wrongful act or omission, and is

governed by a two and one-half year Statute of Limitations (see, CPLR 214-a; *Nykorchuck v Henriques,* 78 NY2d 255). Under the "continuous treatment doctrine", "when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint" (*Nykorchuck v Henriques, supra,* at 258; *Mc-Dermott v Torre,* 56 NY2d 399, 405), the two and one-half year period does not begin to run until the end of the course of treatment.

In this case, the theory of the plaintiff's malpractice claim is that the defendant failed to diagnose her periodontal condition and treat her for this condition or refer her to an appropriate specialist. Accepting the plaintiff's own allegations as true, they fail to establish that the defendant undertook a course of treatment with respect to the condition giving rise to the lawsuit (see, *Nykorchuck v Henriques, supra,* at 259; *Britton v Garson,* 262 AD2d 439; *Pietromonaco v Schwartzman,* 259 AD2d 474; *Grippi v Jankunas,* 230 AD2d 826; *Polizzano v Weiner,* 179 AD2d 803). Moreover, the deposition testimony of the defendant and a dental hygienist employed in his office is insufficient to raise an issue of fact as to whether the defendant actually undertook a course of treatment for the plaintiff's periodontal condition (see, *Pietromonaco v Schwartzman, supra*). Thus, the continuous treatment doctrine does not apply, and to the extent that the plaintiff's first cause of action is based upon alleged malpractice which took place more than two and one-half years prior to the commencement of this action, it is time-barred and must be dismissed.

The plaintiff's cause of action to recover damages based on lack of informed consent must also be dismissed. "To state a cause of action for lack of informed consent, plaintiff must allege that the wrong complained of arose out of some affirmative violation of plaintiff's physical integrity" (*Iazzetta v Vicenzi,* 200 AD2d 209, 212-213). Since the plaintiff's lack of informed consent claim essentially seeks to recover damages for the defendant's failure to inform her of the risks of allowing periodontal disease to go untreated, it fails to state a viable cause of action for recovery (see, *Iazzetta v Vicenzi, supra; see also, Schel v Roth,* 242 AD2d 697). Thompson, J. P., Krausman, H. Miller and Schmidt, JJ., concur.