[746 NYS2d 187]

Madeline Couch, Appellant, v County of Suffolk et al., Respondents.

Second Department, August 12, 2002

## APPEARANCES OF COUNSEL

*Robert Cherofsky*, Nyack, for appellant.

*Geisler & Gabriele, LLP*, Garden City (*Jeffrey P. DeGeorges* of counsel), for County of Suffolk, respondent.

*Farley, Holohan, Glockner & Toto, LLP*, Mineola (*John F. Toto* and *Elizabeth Weiss* of counsel), for Brunswick Hospital Center, respondent.

## OPINION OF THE COURT

RITTER, J.P.

In a medical malpractice action, we are asked to determine, inter alia, whether the plaintiff raised a triable issue of fact as to whether the continuous treatment doctrine may be invoked against the defendant County of Suffolk (hereinafter the County), which owns and operates the Tri-County Community Health Center (hereinafter Tri-County). We hold that a triable issue of fact has been raised by the plaintiff's allegations that, after her initial visit to Tri-County to seek diagnosis and treatment for the condition giving rise to her claim of medical malpractice, she instigated timely return visits to the hospital to complain about and seek treatment for, inter alia, conditions and complaints arising from or related to the original condition.

In April 1995, the plaintiff was diagnosed with Lyme disease by a doctor not a party to this action. She thereafter commenced this action against the County and the defendant Brunswick Hospital Center (hereinafter Brunswick), alleging that each had negligently failed to timely diagnose and treat her for the disease. After issue was joined and limited disclosure had occurred, the County moved for partial summary judgment dismissing so much of the complaint insofar as asserted against it as concerned events which occurred before January 17, 1995, i.e., events which occurred more than 90 days before a notice of claim was filed (*see* General Municipal Law § 50-e). Brunswick cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against

it, arguing that it did not depart from good and accepted medical practice. In the order appealed from, the Supreme Court granted both the motion and cross motion. We reverse.

In opposition to the County's prima facie showing of entitlement to judgment as a matter of law on its argument pursuant to General Municipal Law § 50-e, the plaintiff raised a triable issue of fact as to whether the continuous treatment doctrine may be invoked against the County (*see* CPLR 214-a; *Cox v Kingsboro Med. Group,* 88 NY2d 904). Pursuant to the doctrine as it relates to the statute of limitations or notice of claim period, "when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint, the 'accrual' comes only at the end of the treatment" (*Borgia v City of New York,* 12 NY2d 151, 155; *see Young v New York City Health & Hosps. Corp.,* 91 NY2d 291, 296). Here, at her examination before trial, the plaintiff testified that, in March 1994, she sought treatment at Tri-County for a rash she now believes to have been caused by a tick bite. She further testified that for approximately one year afterward, she made repeated visits to Tri-County seeking treatment for, inter alia, a core group of conditions and complaints arising from or related to the bite and indicative of Lyme disease (*see Young v New York City Health & Hosps. Corp.,* 91 NY2d 291, *supra; Allende v New York City Health & Hosps. Corp.,* 90 NY2d 333; *Nykorchuck v Henriques,* 78 NY2d 255; *McDermott v Torre,* 56 NY2d 399). This testimony raises a triable issue of fact as to whether the continuous treatment doctrine may be invoked against the County. As noted in *McDermott v Torre* (*supra* at 406): "Included within the scope of 'continuous treatment' is a timely return visit instigated by the patient to complain about and seek treatment for a matter related to the initial treatment" (*cf. Plummer v New York City Health & Hosps. Corp.,* 98 NY2d 263).

The County, relying on certain language in *Nykorchuck v Henriques (supra),* argues that where, as here, there is an allegation of a failure to make a diagnosis and engage in a course of treatment, the continuous treatment doctrine may not be invoked. However, neither the *Nykorchuck* case nor the later-decided *Young* case stands for the broad proposition argued, and to the extent that language in our prior cases may be read to support such a proposition, it should not be followed (*see e.g. Smith v Fields,* 268 AD2d 579, 580; *Pietromonaco v Schwartzman,* 259 AD2d 474, 476; *Michaels-Dailey v Shamoian,* 245

AD2d 430, 431; *Grippi v Jankunas*, 230 AD2d 826; *Ganess v City of New York*, 207 AD2d 765, 769, *affd* 85 NY2d 733). In both *Nykorchuck* and *Young*, the plaintiffs were found to have cancerous masses in their breasts, which they alleged the defendants negligently failed to timely diagnose and treat. The critical inquiry in each case was not whether the defendants therein failed to make a diagnosis or undertake a course of treatment during the relevant periods of limitation, but rather, whether the plaintiffs therein continued to seek treatment from the defendants for the same conditions or complaints giving rise to their respective claims of malpractice, or related conditions or complaints, during the relevant periods of limitation (*see Young v New York City Health & Hosps. Corp., supra; Nykorchuck v Henriques, supra*). This inquiry is compelled by the policy underlying the continuous treatment doctrine, i.e., that a patient should not be required to interrupt corrective medical treatment by a physician and undermine the trust in the physician—patient relationship in order to ensure a timely claim (*see Young v New York City Health & Hosps. Corp., supra*). In neither *Nykorchuck* nor *Young* did the Court of Appeals find an issue of fact as to whether the plaintiffs sought such treatment during the relevant periods of limitation. Thus, in neither case did the Court find the doctrine properly invoked.

The results in *Nykorchuck* and *Young* may be contrasted with the result in *McDermott v Torre (supra)*. The *McDermott* case concerned allegations of a negligent failure to timely diagnose and treat a mole on the plaintiff's ankle which was later determined to be cancerous. Thus, *Nykorchuck*, *Young* and *McDermott* all concerned allegations of a negligent failure to timely diagnose and treat. However, in *McDermott*, the Court found an issue of fact as to whether the plaintiff continued to seek diagnosis and treatment during the relevant period of limitation for the same or a related condition or complaint to that giving rise to the claim of medical malpractice. Finally, even if the ignorance of the plaintiffs in both *Nykorchuck* and *Young* as to the need for further diagnosis and treatment was a result of the initial alleged negligent failure to diagnose, it is well settled that the "continuing nature of a diagnosis" is insufficient to invoke the continuous treatment doctrine (*see McDermott v Torre, supra* at 406; *Nykorchuck v Henriques, supra*). In sum, in the case at bar, the grant of partial summary judgment to the County must be reversed.

In support of that branch of its cross motion which was for summary judgment dismissing the complaint insofar as as-

serted against it, Brunswick failed to establish its prima facie entitlement to judgment as a matter of law based on the affidavit of its proffered medical expert (*see Alvarez v Prospect Hosp.*, 68 NY2d 320; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851). The proffered medical expert merely recounted the plaintiff's complaints to Brunswick and the treatment rendered, and opined in a conclusory manner that such treatment did not depart from good and accepted medical practice (*see Brosnan v Shafron*, 278 AD2d 442; *Holbrook v United Hosp. Med. Ctr.*, 248 AD2d 358; *Kasendorf v Hempstead Gen. Hosp.*, 240 AD2d 370). The affidavit did not address the issue of Lyme disease or connect the factual assertions therein to the plaintiff's claims of medical malpractice other than in a purely conclusory manner (*see Brosnan v Shafron, supra; Holbrook v United Hosp. Med. Ctr., supra; Kasendorf v Hempstead Gen. Hosp., supra*). In any event, we agree with the plaintiff that the branch of Brunswick's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it should be denied pending further disclosure (*see* CPLR 3212 [f]; *Plaza Invs. v Kim*, 208 AD2d 704; *Viti v Franklin Gen. Hosp.*, 190 AD2d 790).

Accordingly, the order is reversed insofar as appealed from, on the law, the County's motion for partial summary judgment dismissing so much of the complaint as sought to recover damages based upon alleged events which occurred before January 17, 1995, insofar as asserted against it, and that branch of Brunswick's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it, are denied, and the complaint is reinstated in its entirety.

FLORIO, FEUERSTEIN and CRANE, JJ., concur.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motion of the defendant County of Suffolk for partial summary judgment dismissing so much of the complaint as sought to recover damages based upon alleged events which occurred before January 17, 1995, insofar as asserted against it, and that branch of the cross motion of the defendant Brunswick Hospital Center which was for summary judgment dismissing the complaint insofar as asserted against it, are denied, and the complaint is reinstated in its entirety.