MARGARITA SHIFRINA et al., Appellants, v CITY OF NEW YORK, Sued Herein as NEW YORK CITY, et al., Defendants, and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. [774 NYS2d 85]—

In an action to recover damages for medical malpractice and wrongful death, etc., the plaintiffs appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Patterson, J.), dated October 18,

2002, as amended December 13, 2002, as granted those branches of the defendants' motion which were for summary judgment dismissing all of the plaintiffs' causes of action insofar as asserted against the defendant New York City Health and Hospitals Corporation with the exception of the causes of action sounding in wrongful death, and dismissed those causes of action insofar as asserted against that defendant.

Ordered that the order and judgment, as amended, is reversed insofar as appealed from, on the law, with costs, those branches of the motion which were for summary judgment dismissing all of the plaintiffs' causes of action with the exception of the causes of action sounding in wrongful death insofar as asserted against the defendant New York City Health and Hospitals Corporation are denied, the complaint is reinstated in its entirety against that defendant, and the amended order and judgment dated December 13, 2002, is vacated.

In 1995 the plaintiff's decedent, Leonid Borshch, was admitted to Coney Island Hospital (hereinafter the Hospital) for treatment of a heart condition which ultimately required surgery. Following the surgery, Borshch continued to see doctors at the Hospital, which served as his primary health care provider. In September 1999 the plaintiff's decedent complained to a physician at the Hospital that he experienced symptoms which he never experienced before, including weight loss, fatigue, severe leg pain, and shortness of breath. In March 2000 Borshch saw Dr. Emmanuil Rakhmanchik at the Hospital and informed him that his symptoms had become progressively worse. Dr. Rakhmanchik told him that his symptoms were merely the effects of diabetes.

In August 2000 Borshch lost consciousness and was rushed to New York Community Hospital, where he was diagnosed with lung cancer. Borshch was then transported to Maimonides Medical Center for specialized oncology care. On October 11, 2000, Borshch saw Dr. Rakhmanchik at the Hospital, where he sought follow-up care and referral for oncology treatment.

Borshch filed a notice of claim against, inter alia, the New York City Health and Hospitals Corporation (hereinafter HHC) on October 20, 2000. He died in March 2001. After issue was joined and limited disclosure occurred, the defendant, inter alia, moved for summary judgment dismissing the complaint except for the wrongful death causes of action insofar as asserted against HHC on the ground that Borshch failed to file a timely notice of claim (see General Municipal Law § 50-e). The Supreme Court, among other things, granted summary judgment. We reverse.

In opposition to the motion, the plaintiffs raised a triable issue of fact as to whether the continuous treatment doctrine may be invoked against HHC (*see* CPLR 214-a; *Couch v County of Suffolk,* 296 AD2d 194 [2002]). Pursuant to the doctrine as it relates to the statute of limitations or notice of claim period, "when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint, the 'accrual' comes only at the end of the treatment" (*Borgia v City of New York,* 12 NY2d 151,155 [1962]; *Couch v County of Suffolk, supra* at 196).

In his affidavit, the plaintiffs' expert raised a triable issue of fact as to whether the symptoms Borshch experienced and sought treatment for at the Hospital in September 1999 were indicative of lung cancer. The plaintiffs' expert further raised a triable issue of fact as to whether Borshch sought treatment from the Hospital for lung cancer on October 11, 2000, when he went there seeking "follow up care and referral for oncology treatment." "Included within the scope of 'continuous treatment' is a timely return visit instigated by the patient to complain about and seek treatment for a matter related to the initial treatment" (*McDermott v Torre,* 56 NY2d 399, 406 [1982]; *Couch v County of Suffolk, supra* at 196).

HHC's remaining contentions are without merit. Santucci, J.P., Florio, Schmidt and Townes, JJ., concur.