■ MURIEL F. JOHNSON, Respondent, v QUEENS-LONG ISLAND MEDICAL GROUP, P.C., et al., Appellants, et al., Defendant. [792 NYS2d 336]—In an action to recover damages for medical mal-

practice and wrongful death, the defendants Queens-Long Island Medical Group, P.C., Charles Walker, and Michael Rosenfeld appeal from an order of the Supreme Court, Westchester County (Colabella, J.), dated May 26, 2004, which, upon converting the motion of the defendants Charles Walker and Michael Rosenfeld to one for summary judgment dismissing the complaint insofar as asserted against them, denied the motion.

Ordered that the appeal by the defendant Queens-Long Island Medical Group, P.C., is dismissed, as it is not aggrieved by the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is reversed, on the law, the motion is granted, the complaint is dismissed insofar as asserted against the defendants Charles Walker and Michael Rosenfeld, and the action against the remaining defendants is severed; and it is further,

Ordered that one bill of costs is awarded to the defendants Charles Walker and Michael Rosenfeld.

The complaint was time-barred insofar as asserted against the defendants Charles Walker and Michael Rosenfeld. These defendants established, as a matter of law, the inapplicability of the continuous treatment toll of the statute of limitations (see CPLR 214-a; Nykorchuck v Henriques, 78 NY2d 255, 259 [1991]; McDermott v Torre, 56 NY2d 399 [1982]; Couch v County of Suffolk, 296 AD2d 194 [2002]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Since the statute of limitations had run as to the defendants Walker and Rosenfeld, their motion, converted to one for summary judgment dismissing the complaint insofar as asserted against them, should have been granted. Adams, J.P., Krausman, Rivera and Lifson, JJ., concur.