■ ROBIN SHINE, Appellant, v ROOSEVELT HOSPITAL, Respondent, et al., Defendants. [809 NYS2d 45]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered March 22, 2004, which granted defendant hospital's motion for summary judgment dismissing the complaint, and order, same court and Justice, entered September 23, 2004, which, to the extent appealable, denied plaintiff's motion to renew, unanimously affirmed, without costs.

Plaintiff, an individual missing the four parallel fingers on her left hand, failed to raise a triable issue of fact as to whether she was qualified to perform the essential job functions of the position of Operating Room Technician (*see Laurin v Providence Hosp.*, 150 F3d 52, 62 [1st Cir 1998] [plaintiff bears the burden of raising a triable issue to show that the employer's purported reason is a pretext for discriminatory action]). Defendant presented affidavits and testimony of a number of experts with substantial experience and knowledge of the demands of this position, all of whom concluded that plaintiff, despite the use of a prosthetic device, would not be able to meet proper safety standards in an operating room setting. Plaintiff's own affidavit in opposition was insufficient to rebut this evidence. In particular, she had no basis for determining whether her performance met the necessary standards. On her motion to renew, she submitted two expert affidavits, but failed to offer a sufficient excuse as to why they had not been submitted on the original motion. Under the circumstances, the IAS court did not improvidently exercise its discretion in refusing to consider them. We note that even if the expert affidavits were considered, the result would be the same. Concur—Andrias, J.P., Friedman, Marlow, Catterson and Malone, JJ.