■ JAMIE MARRONE, Appellant, v LEONARD S. KLEIN, D.D.S., et al., Respondents. [823 NYS2d 371]—

Order, Supreme Court, Bronx County (Sallie Manzanet, J.), entered December 27, 2005, which, in an action for dental malpractice, granted defendants' motion for summary judgment dismissing the complaint, and order, same court and Justice, entered April 14, 2006, which, insofar as appealable, denied plaintiff's motion to renew, unanimously affirmed, without costs.

The record establishes that the complained-of negligent treatment of teeth numbered 8, 9, 14 and 19, consisting of root canal and crown work performed over a seven-year period, was not for a single condition or complaint, but for rather isolated and discrete procedures. Accordingly, the continuous treatment doctrine does not apply to the treatment of these teeth (*see Juba v Bachman*, 255 AD2d 492, 493 [1998], *lv denied* 93 NY2d 809 [1999]; *Iazzetta v Vicenzi*, 200 AD2d 209, 212 [1994], *lv dismissed* 85 NY2d 857 [1995]). Nor are plaintiff's claims with respect to these teeth saved by his allegation that defendants, up to and including his last visit within the statute of limitations, negligently failed to diagnose and treat his periodontal disease and bone loss (*see Iazzetta* at 212, citing, inter alia, *Nykorchuck v Henriques*, 78 NY2d 255, 259 [1991] [essential to application of continuous treatment doctrine is that there has been a course of treatment established with respect to condition that gives rise to the lawsuit]; *Trebach v Brown*, 250 AD2d 449 [1998]; *Chesrow v Galiani*, 234 AD2d 9, 11 [1996]). The record also establishes that defendants never treated tooth number 10, and, although the alleged negligent crown work on tooth number 3 was performed within the limitations period, the claim, which was first raised in a so-called "supplemental" bill of particulars served without leave of the court after the note of issue had been filed, was properly rejected by the motion court as improperly raising a new injury (CPLR 3043 [b]; *see Gaisor v Gregory Madison Ave., LLC*, 13 AD3d 58, 59-60 [2004]).

The motion to renew, in which plaintiff submitted an expert affirmation opining that plaintiff's treatments over the seven years that he was defendants' patient "cannot be viewed as isolated incidents" and were in large part necessitated by

defendants' negligent failure to treat plaintiff's gum disease and bone loss, was properly rejected for lack of any excuse why such affirmation was not submitted on the original motion (*see Matter of Creole Enters. v Giuliani*, 240 AD2d 279 [1997], *lv dismissed* 90 NY2d 802 [1997]; *Shine v Roosevelt Hosp.*, 26 AD3d 204 [2006]). Concur—Mazzarelli, J.P., Saxe, Marlow, Sullivan and Williams, JJ.