■ Tanweer Javaid et al., Appellants, v Krishana K. Jajoo et al., Respondents. [9 NYS3d 79]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), dated March 27, 2013, as, upon reargument, in effect, vacated the determination in an order of the same court dated September 27, 2012, denying the defendants' motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred, thereupon converted that motion into one for sum-

mary judgment dismissing the complaint as time-barred, and granted that motion.

Ordered that the order dated March 27, 2013, is reversed insofar as appealed from, on the law, with costs, and, upon reargument, the defendants' converted motion for summary judgment dismissing the complaint as time-barred is denied.

The plaintiff Tanweer Javaid (hereinafter the injured plaintiff) was treated by the defendant Krishana K. Jajoo for various ailments from 1999 through 2007, before the injured plaintiff suffered a heart attack on May 28, 2007. Thereafter, he continued to see Jajoo until 2010. In April 2010, the injured plaintiff, and his wife suing derivatively, commenced this action alleging that Jajoo failed to timely diagnose and treat the injured plaintiff's cardiovascular disease. Jajoo and the defendant Krishana K. Jajoo, Physician, P.C., moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred. In opposition, the plaintiffs argued that the action was timely commenced because the continuous treatment doctrine applied to toll the statute of limitations. In an order dated September 27, 2012, the Supreme Court denied the defendants' motion. The defendants moved for leave to renew and reargue their motion. In the order appealed from, the court, in effect, vacated the determination in the prior order denying the defendants' motion, thereupon converted the motion pursuant to CPLR 3211 (a) (5) into one for summary judgment dismissing the complaint as time-barred, and granted that motion. The plaintiffs appeal.

Jajoo and the defendant Krishana K. Jajoo, Physician, P.C., established their prima facie entitlement to judgment as a matter of law by demonstrating that the action was commenced more than two years and six months after the alleged malpractice occurred (see CPLR 214-a; *Cole v Richard G. Karanfilian, M.D., P.C.*, 117 AD3d 670, 671 [2014]; *Kaufmann v Fulop*, 47 AD3d 682, 683 [2008]). However, in opposition, the plaintiffs raised a triable issue of fact as to whether the statute of limitations was tolled by the continuous treatment doctrine (see *Miccio v Gerdis*, 120 AD3d 639, 640 [2014]; *Chestnut v Bobb-McKoy*, 94 AD3d 659, 660-661 [2012]; *Chkhartishvili v Volovoy*, 44 AD3d 893, 893 [2007]; *Couch v County of Suffolk*, 296 AD2d 194, 196 [2002]). The plaintiffs' submissions indicated that, during the relevant period, Jajoo continued to prescribe the injured plaintiff cardiovascular medications and issued charge slips for his visits with diagnostic codes for coronary atherosclerosis (see *Piro v Macura*, 92 AD3d 658, 660-661 [2012]; *Couch v County of Suffolk*, 296 AD2d at 196-197; cf. *Venditti v St. Cath-*

*erine of Siena Med. Ctr.*, 98 AD3d 1035, 1036-1037 [2012]). Accordingly, the Supreme Court, upon reargument, should have denied the defendants' converted motion for summary judgment dismissing the complaint as time-barred. Skelos, J.P., Balkin, Roman and Hinds-Radix, JJ., concur.