■ In the Matter of SOUTH BRONX UNITE! et al., Appellants, v NEW YORK CITY INDUSTRIAL DEVELOPMENT AGENCY et al., Respondents, and NEW YORK STATE DEPARTMENT OF TRANSPORTATION et al., Respondents. [31 NYS3d 1]—

Orders, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered June 25, 2014, and August 14, 2015, which denied petitioners' first and second motions, in this hybrid declaratory judgment/CPLR article 78 proceeding, to renew their motion for leave to amend the petition's third cause of action, seeking a declaration that the 2012 sublease between respondents Harlem River Yards Ventures, Inc. and Fresh Direct is invalid, unanimously affirmed, without costs.

The motion court providently exercised its discretion in denying petitioners' renewal motions (*see Shine v Roosevelt Hosp.*, 26 AD3d 204 [1st Dept 2006]). Petitioners have not pointed to any "new facts not offered on the prior motion that would change the prior determination" to deny the underlying motion for leave to serve a second amended petition (CPLR 2221 [e] [2]).

Even assuming that petitioners' purported new facts warrant renewal, the underlying motion would still be subject to denial as futile. On petitioners' prior appeal to this Court, we

held that petitioners' allegation that respondent New York State Department of Transportation "must pre-approve a modification of the Land Use Plan is insufficient to confer standing" under State Finance Law § 123-b, the statutory vehicle for their third cause of action (115 AD3d 607, 610 [1st Dept 2014], *lv denied* 24 NY3d 908 [2014]). Under the circumstances, there is no substantive difference between the "preapproval" which we have already rejected as insufficient and the "approval" of the sublease, and alleged concomitant abandonment of the site's intermodal rail infrastructure, which petitioners now advance as new facts warranting renewal.

Furthermore, petitioners' challenge to the sublease is ultimately premised on their contention that the Fresh Direct Project will constitute "an abandonment of the intermodal terminal" upon which the larger Harlem River Yards project is based, thereby vitiating the purpose of the underlying lease. Petitioners presented this contention on the prior appeal, and we rejected it. Accordingly, even assuming that they did have standing to assert their third cause of action, the law of the case doctrine would require us to reject it, thereby obviating the proposed second amended petition and what petitioners term the proposed third amended complaint (*see Carmona v Mathisson*, 92 AD3d 492, 492-493 [1st Dept 2012]). Concur— Acosta, J.P., Renwick, Manzanet-Daniels, Kapnick and Webber, JJ.