◼ Linda Greenstein et al., Appellants, v Sol S. Stolzenberg, D.M.D., P.C., et al., Defendants, and Tatyana Berman, D.D.S., Respondent. [64 NYS3d 884]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about December 28, 2016, which granted the

motion of defendant Tatyana Berman, D.D.S. (Berman) to dismiss the complaint as against her as time-barred, unanimously affirmed, without costs.

Dismissal of the complaint as against Berman was proper since the alleged malpractice occurred in 2003 and 2007, and the action was not commenced until January 2016, which was well beyond the applicable statute of limitations (*see* CPLR 214-a). The record establishes that Berman performed root canal work on two separate occasions to address plaintiff Linda Greenstein's emergent pain issues. These root canal therapies constituted isolated and discrete procedures, and as such, the continuous treatment doctrine does not apply to the treatment of these teeth to toll the statute of limitations (*see Marrone v Klein*, 33 AD3d 546 [1st Dept 2006]).

Plaintiffs' contention that the motion court should have allowed them to conduct further discovery under CPLR 3211 (d) so that they could investigate the details of the patient's treatment plan is unavailing. The motion court permitted plaintiffs to depose Berman on the limited issue of continuous treatment, and plaintiffs were also in possession of the patient's complete dental records. Moreover, the patient, who failed to submit an affidavit in opposition to defendant's motion to dismiss, should have facts regarding any treatment plan available to her as the recipient of the allegedly negligent dental services. Concur—Tom, J.P., Renwick, Gische, Oing and Singh, JJ.