Lewis v Treitel (2018 NY Slip Op 00080)





Lewis v Treitel


2018 NY Slip Op 00080


Decided on January 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 4, 2018

Renwick, J.P., Manzanet-Daniels, Gische, Kahn, Singh, JJ.


5376

[*1]Fran Lewis, Plaintiff-Appellant, 
v
Kenneth H. Treitel, DDS, et al., Defendants-Respondents.


The Mandel Law Firm, New York (William M. Boyle of counsel), for appellant.
Amabile & Erman, P.C., Staten Island (Alexandra Formica of counsel), for respondents.



Order, Supreme Court, Bronx County (Stanley Green, J.), entered October 11, 2016, which granted defendants' motion pursuant to CPLR 3211(a)(5) to the extent of dismissing the complaint as time barred as it relates to treatment rendered by them prior to November 23, 2011, unanimously affirmed, without costs.
The record establishes that treatment prior to November 23, 2011, the period beyond the 2 1/2—year statute of limitations (see CPLR 214—a), consisted of isolated and discrete dental procedures, not for the condition complained of, a cyst in plaintiff's jaw. Accordingly, the continuous treatment doctrine does not apply to the treatment of these teeth (see Galecki v Omnicare Dental, 121 AD3d 594 [1st Dept 2014]; Marrone v Klein, 33 AD3d 546 [1st Dept 2006]). That defendants may have negligently failed to diagnose the condition does not toll the statute, since the failure to establish a course of treatment is not, in and of itself, a course of treatment for the purposes of tolling the statute (Nykorchuck v Henriques, 78 NY2d 255, 259 [1991], affd 78 NY2d 255 [1991]; Trebach v Brown, 250 AD2d 449 [1st Dept 1998]). While the doctrine would apply if defendants had been treating plaintiff for the underlying symptoms of the cyst, albeit incorrectly, plaintiff failed to adduce evidence that defendants treated her for symptoms ultimately traced to her cyst (compare Chestnut v Bobb-McKoy, 94 AD3d 659 [1st Dept 2012]).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 4, 2018
CLERK