Central Amusement Intl. LLC v Lexington Ins. Co. (2018 NY Slip Op 04095)





Central Amusement Intl. LLC v Lexington Ins. Co.


2018 NY Slip Op 04095


Decided on June 7, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2018

Manzanet-Daniels, J.P., Tom, Andrias, Kapnick, Singh, JJ.


651654/14 6810N 6809

[*1] Central Amusement International LLC, Plaintiff-Appellant,
v
Lexington Insurance Company, Defendant-Respondent.


Wilkofsky, Friedman, Karel & Cummins, New York (David B. Karel of counsel), for appellant.
Mound Cotton Wollan & Greengrass LLP, New York (John Mezzacappa of counsel), for respondent.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered on or about December 6, 2016, which granted defendant's motion to amend its answer, unanimously affirmed, without costs. Order, same court and Justice, entered October 23, 2017, which denied plaintiff's motion to amend the complaint and to renew the prior motion, unanimously affirmed, without costs.
The motion court did not abuse its discretion in granting defendant's motion to amend its answer (see Murray v City of New York, 43 NY2d 400, 404-405 [1977]; McGhee v Odell, 96 AD3d 449, 450 [2012]; CPLR 3025[b]). Plaintiff's argument that it was prejudiced at the time of the amendment because it was time-barred from pursuing a professional malpractice claim against its engineer, is unavailing. The motion court correctly observed that plaintiff had the opportunity and duty to perform its own investigation to uncover potential culpable conduct by its contractors, engineers, or any other party that may have contributed to the loss, but it chose not to do so. Plaintiff has also not established the validity of its prejudice claim, as it never attempted to sue its engineer (or other third party) following the disclosure of defendant's expert report. The claim that defendant's production of the expert report was delayed finds no support since it was timely produced during expert discovery.
Nor did the court abuse its discretion in denying plaintiff's renewal motion (see CPLR 2221[e]; Matter of South Bronx Unite! v New York City Indus. Dev. Agency, 138 AD3d 462 [1st Dept 2016]). Plaintiff failed to show any new facts that would have been relevant to the court's consideration of the motion. Furthermore, the court's denial of plaintiff's motion to amend the complaint was properly denied since the proposed amendment was "palpably improper or insufficient as a matter of law" (McGhee at 450 [internal quotation marks omitted]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 7, 2018
CLERK