Cohen v Gold (2018 NY Slip Op 06878)





Cohen v Gold


2018 NY Slip Op 06878


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2016-04977
2016-11348
 (Index No. 59719/15)

[*1]Jacqueline M. Cohen, appellant,
v Jeffrey Gold, et al., respondents, et al., defendants.


Lance Ehrenberg (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for appellant.
Westermann Sheehy Keenan Samaan & Aydelott, LLP, White Plains, NY (Timothy J. Lenane of counsel), for respondents.
In an action to recover damages for dental malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated April 29, 2016, and (2) a judgment of the same court dated September 23, 2016. The order granted the motion of the defendants Jeffrey Gold, Peter Taub, and Quality Care Dental, LLP, for summary judgment dismissing, as time-barred, the complaint insofar as asserted against the defendant Jeffrey Gold and the causes of action regarding treatment of the plaintiff prior to December 3, 2012, insofar as asserted against the defendants Peter Taub and Quality Care Dental, LLP. The judgment, upon a portion of the order, is in favor of the defendant Jeffrey Gold and against the plaintiff dismissing the complaint insofar as asserted against that defendant.



DECISION & ORDER
Cross motion by the defendants Jeffrey Gold, Peter Taub, and Quality Care Dental, LLP, inter alia, to dismiss the appeal from the order on the ground that the right of direct appeal from the order terminated upon the entry of the judgment. By decision and order on motion of this Court dated June 12, 2017, that branch of the cross motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the cross motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the branch of the cross motion which is to dismiss the appeal from so much of the order as granted that branch of the motion of the defendants Jeffrey Gold, Peter Taub, and Quality Care Dental, LLP, which was for summary judgment dismissing, as time-barred, the complaint insofar as asserted against the defendant Jeffrey Gold is granted, and the cross motion is otherwise denied; and it is further,
ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendants Jeffrey Gold, Peter Taub, and Quality Care Dental, LLP, which was for summary judgment dismissing, as time-barred, the complaint insofar as asserted against the [*2]defendant Jeffrey Gold is dismissed; and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, and that branch of the motion of the defendants Jeffrey Gold, Peter Taub, and Quality Care Dental, LLP, which was for summary judgment dismissing, as time-barred, the causes of action regarding treatment of the plaintiff prior to December 3, 2012, insofar as asserted against the defendants Peter Taub and Quality Care Dental, LLP, is denied; and it is further,
ORDERED that the judgment is reversed, on the law, the complaint is reinstated insofar as asserted against the defendant Jeffrey Gold, that branch of the motion of the defendants Jeffrey Gold, Peter Taub, and Quality Care Dental, LLP, which was for summary judgment dismissing, as time-barred, the complaint insofar as asserted against the defendant Jeffrey Gold is denied, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff was a dental patient of the defendants Jeffrey Gold, Peter Taub, and Quality Care Dental, LLP (hereinafter Quality). The plaintiff alleged, inter alia, that commencing in 2009, she was inadequately treated for abnormalities indicative of periodontal disease. In 2015, she was referred to a periodontist, who diagnosed periodontal disease and bone loss, necessitating the extraction of numerous teeth, bone grafting, and painful restorations.
In June 2015, the plaintiff commenced this action to recover damages for dental malpractice. Subsequently, Gold, Taub, and Quality (hereinafter collectively the moving defendants) moved for summary judgment dismissing, as time-barred, the causes of action regarding treatment of the plaintiff prior to December 3, 2012, insofar as asserted against Taub and Quality. They also moved for summary judgement dismissing, as time-barred, the complaint insofar as asserted against Gold, who retired in June of 2012. In an order dated April 29, 2016, the Supreme Court granted the motion. Subsequently, the court issued a judgment in favor of Gold and against the plaintiff dismissing the complaint insofar as asserted against Gold. The plaintiff appeals from the order and the judgment.
The appeal from so much of the order as granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against Gold as time-barred must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment dismissing the complaint insofar as asserted against Gold (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that portion of the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The moving defendants established their prima facie entitlement to judgment as a matter of law dismissing, as time-barred, the causes of action regarding treatment of the plaintiff prior to December 3, 2012, by demonstrating that this action was commenced more than 2½ years after the alleged malpractice that occurred prior to December 3, 2012 (see CPLR 214-a; Nisanov v Khulpateea, 137 AD3d 1091).
In opposition, the plaintiff raised a triable issue of fact as to whether the statute of limitations was tolled by the continuous treatment doctrine (see Javaid v Jajoo, 127 AD3d 1027, 1028). The continuous treatment doctrine tolls the statute of limitations when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint (see Lohnas v Luzi, 30 NY3d 752; Young v New York City Health & Hosps. Corp., 91 NY2d 291, 296). Essential to the application of the doctrine is that there has been a course of treatment established with respect to the relevant condition, so that a mere continuing relation between physician and patient or the continuing nature of a diagnosis is insufficient to invoke the doctrine (see Nykorchuck v Henriques, 78 NY2d 255, 258-259; Johanson v Sullivan, 68 AD3d 1303; Smith v Fields, 268 AD2d 579; Britton v Garson, 262 AD2d 439; Trebach v Brown, 250 AD2d 449; Grippi v Jankunas, 230 AD2d 826).
"Treatment" does not necessarily terminate upon the last visit, if further care or monitoring of the condition is explicitly anticipated by both physician and patient, as manifested by a regularly scheduled appointment for the near future (see Young v New York City Health & Hosps. Corp., 91 NY2d at 296). Thus, "[i]ncluded within the scope of continuous treatment' is a timely return visit instigated by the patient to complain about and seek treatment for a matter related to the initial treatment'" (McDermott v Torre, 56 NY2d 399, 406; see Shifrina v City of New York, 5 AD3d 660, 662). Even the monitoring of an abnormal condition may be sufficient to support the application of the continuous treatment toll (see Ganess v City of New York, 85 NY2d 733, 736; Schrank v Lederman, 52 AD3d 494, 495-496; Cherise v Braff, 50 AD3d 724, 726). The critical inquiry is not whether the defendant failed to make a diagnosis or undertake a course of treatment during the period of limitation, but whether the plaintiff continued to seek treatment for the same or related conditions giving rise to his or her claim of malpractice, during that period (see Couch v County of Suffolk, 296 AD2d 194, 197). Accordingly, a defendant cannot defeat the application of the continuous treatment doctrine merely because of a failure to make a correct diagnosis as to the underlying condition, if the defendant treated the plaintiff continuously over the relevant time period for symptoms that are ultimately traced to that condition (see Miccio v Gerdis, 120 AD3d 639, 640; cf. Marrone v Klein, 33 AD3d 546; Pietromonaco v Schwartzman, 259 AD2d 474).
Here, the plaintiff does not claim merely that the moving defendant failed to diagnose her condition and treat her for it (see Smith v Fields, 268 AD2d at 580). Rather, she alleged that between 2009 and 2015, she was treated continuously for symptoms ultimately traced to abnormal and severe periodontal disease. Both the plaintiff's affidavit and her expert's affidavit, which referred to numerous specific notations in the plaintiff's dental records, raised triable issues of fact as to whether a course of treatment for periodontal disease was established and therefore the continuous treatment doctrine would apply to toll the statute of limitations (see Roca v Perel, 51 AD3d 757; Heller v Lublin, 281 AD2d 393; Busti-O'Leary v Mancuso, 258 AD2d 549; Lee v Goldman, 255 AD2d 366; Easton v Kellerman, 248 AD2d 913; Parker v Jankunas, 227 AD2d 537, 538).
As to Gold, the continuous treatment doctrine may apply even though he retired in June of 2012, by imputing to him the continued treatment provided by other dentists in the practice (see Watkins v Fromm, 108 AD2d 233, 240-242; see also Mule v Peloro, 60 AD3d 649, 650). Thus, a triable issue of fact existed as to whether the relationship between the dentists in the practice warranted tolling the statute of limitations as to Gold (see Oviedo v Weinstein, 102 AD3d 844, 847; Ozimek v Staten Is. Physicians Practice, P.C., 101 AD3d 833, 835; Kimiatek v Post, 240 AD2d 372).
Accordingly, the Supreme Court should have denied the moving defendants' motion for summary judgment dismissing, as time barred, the complaint insofar as asserted against Gold and the causes of action regarding treatment of the plaintiff prior to December 3, 2012, insofar as asserted against Taub and Quality.
RIVERA, J.P., CHAMBERS, AUSTIN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court