■ FREDERICK M. KASTEN, Respondent, v MARTIN I. BLAUSTEIN et al., Appellants. [625 NYS2d 44] —In an action to recover damages for dental malpractice, the defendants appeal from an order of the Supreme Court, Suffolk County (Underwood, J.), dated October 5, 1993, which denied their motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff commenced this action on May 11, 1992, alleging that the defendant Martin I. Blaustein, a dentist, had rendered negligent dental treatment with reference to 11 specific teeth and a bridge. In his bill of particulars, the plaintiff magnified these allegations, but did not expand his claim beyond the same 11 teeth and the bridge. In moving for summary judgment, the defendants established through their records that the last date on which any treatment was rendered regarding the teeth or bridge at issue herein was March 22, 1989. Thus, the defendants made a prima facie showing of their entitlement to judgment as a matter of law on the ground that the cause was time-barred (see, Massie v Crawford, 78 NY2d 516, 519). It then became incumbent upon the plaintiff to establish that her post-March 22, 1989, visits constituted "continuous treatment" and that the tolling exception was applicable (see, Massie v Crawford, supra). We find that the plaintiff has failed to meet his burden.

The record demonstrates only that the parties were engaged in a dentist-patient relationship after March 22, 1989, by virtue of the plaintiff's several visits to Dr. Blaustein in February and March of 1990. However, during these visits in February and March, 1990, Dr. Blaustein provided dental

treatments to teeth which were wholly unrelated to the " 'same illness, injury or condition' underlying the claims of malpractice" alleged by the plaintiff in his complaint and bill of particulars *(Grassman v Slovin,* 206 AD2d 504, quoting CPLR 214-a). Further, contrary to the plaintiff's contention, the periodontal treatment rendered on April 2, 1990, was separate, distinct, and wholly unrelated to the teeth alleged to have been negligently treated *(cf., Yelin v American Dental Ctr.,* 184 AD2d 693, 695). Accordingly, since the continuous treatment doctrine does not operate to extend the Statute of Limitations beyond September 23, 1991, the defendants are entitled to summary judgment dismissing the complaint *(see,* CPLR 214-a). Sullivan, J. P., Copertino, Pizzuto and Krausman, JJ., concur.