■ VALERIE VAN INWEGEN, Respondent, v EUGENE LUCIA,
Appellant, et al., Defendant. [635 NYS2d 293] —In an action to re-
cover damages for dental malpractice, the defendant Eugene
Lucia appeals, as limited by the brief, from so much of an or-
der of the Supreme Court, Orange County (Owen, J.), dated
April 13, 1994, as denied his motion for summary judgment
dismissing the complaint as time-barred.

Ordered that the order is reversed insofar as appealed from,
on the law, with costs, the motion is granted, and the com-
plaint is dismissed.

During an eight-year period between June 1976 and March
1984, the plaintiff received dental treatment from the defen-

dant Dr. Eugene Lucia, who, *inter alia*, fitted 3 fixed bridges for 11 of her teeth. Although the plaintiff stopped seeing Dr. Lucia in 1984, she received additional dental treatment from his partner, Dr. Alan Pitegoff, from May 1985 to April 1987. In June 1988 the plaintiff commenced this malpractice action against Dr. Lucia and Dr. Pitegoff, alleging, *inter alia*, that Dr. Lucia had negligently fitted the three bridges, allowing the bridged teeth to continue to decay and leading to infection and nerve damage. Dr. Lucia subsequently moved to dismiss the complaint insofar as asserted against him upon the ground that it was barred by the applicable two-and-one-half-year Statute of Limitations, but the Supreme Court denied his motion, finding that an issue of fact existed as to whether certain treatment rendered by his partner in 1987 tolled the Statute of Limitations pursuant to the continuous treatment doctrine. We now reverse.

Under the continuous treatment doctrine, the two-and-one-half-year Statute of Limitations for a medical or dental malpractice cause of action is tolled until after a plaintiff's last treatment " ' " 'when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint' " ' " (*Nykorchuck v Henriques*, 78 NY2d 255, 258; *McDermott v Torre*, 56 NY2d 399). Here, however, in moving for summary judgment, Dr. Lucia submitted evidence establishing that during a nearly four-year period between November 2, 1978, and August 12, 1982, he performed no work related to the plaintiff's bridges, and the plaintiff sought out another dentist for treatment of an abscess. Under these circumstances, the plaintiff's return to Dr. Lucia in August of 1982 for treatment of two teeth which he had not worked on since 1977 was a resumption of treatment rather than continuous treatment for the "same illness, injury or condition" underlying the cause of action to recover damages for malpractice (*see, Kasten v Blaustein*, 214 AD2d 539; *see also, Concha v Local 1115 Empls. Union Welfare Trust Fund*, 216 AD2d 348; *Iazzetta v Vicenzi*, 200 AD2d 209; *Ciciless v Lane*, 129 AD2d 759). Thus, to the extent that the plaintiff's causes of action to recover damages for malpractice are predicated upon work performed by Dr. Lucia prior to August 1982, they are time-barred. Moreover, to the extent that the plaintiff's causes of action are based upon malpractice allegedly committed by Dr. Lucia after she resumed treatment in 1982, they are barred by the Statute of Limitations since the dental work performed by Dr. Pitegoff in 1987 did not involve the same teeth treated by Dr. Lucia between August 1982 and March 1984 (*see, Kasten v Blaustein, supra; cf., Polokoff v*

*Palmer*, 190 AD2d 897). Accordingly, Dr. Lucia's motion to dismiss the complaint insofar as asserted against him should be granted in its entirety. Miller, J. P., O'Brien, Pizzuto and Krausman, JJ., concur.