■ EDWARD PARKER et al., Respondents, v LEONARD J. JANKUNAS, Appellant. [642 NYS2d 959] —In an action to recover damages for dental malpractice, etc., the defendant appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated January 27, 1995, which denied his motion for partial summary judgment dismissing those causes of action in the complaint which were based upon alleged acts of malpractice occurring prior to January 22, 1991, as barred by the applicable Statute of Limitations.

Ordered that the order is affirmed, with costs.

During a 16-year period between March 1976 and June 1992, the plaintiff Edward Parker received dental treatment from the defendant who, *inter alia,* allegedly took X-rays of his mouth, performed periodontal treatments, and advised him on how to care for his periodontal condition. Over the course of

his treatments, there were three intervals between visits which were longer than two and one-half years. In July 1993, the plaintiffs commenced this malpractice action alleging, *inter alia,* that the defendant negligently attempted to treat Mr. Parker's dental conditions causing injury. The defendant moved to dismiss those causes of action in the complaint which were based upon alleged acts of malpractice occurring prior to January 22, 1991, as barred by the two-and-one-half-year Statute of Limitations for a dental malpractice cause of action. The Supreme Court denied his motion finding that an issue of fact existed as to whether the Statute of Limitations was tolled by the continuous treatment doctrine. We affirm.

Under the continuous treatment doctrine, the two-and-one-half-year Statute of Limitations for a medical or dental malpractice cause of action is tolled until after a plaintiff's last treatment " ' "when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint" ' " (*Nykorchuck v Henriques,* 78 NY2d 255, 258; *McDermott v Torre,* 56 NY2d 399). The continuous treatment doctrine "rests on the premise that the trust and confidence that marks such [a] relationship * * * puts the patient at a disadvantage in questioning the doctor's skill because to sue while undergoing treatment necessarily interrupts the course of treatment. 'It would be absurd * * * to require a wronged patient to interrupt *corrective efforts* by serving a summons on the physician' under those circumstances" (*Massie v Crawford,* 78 NY2d 516, 519, quoting *Borgia v City of New York,* 12 NY2d 151, 155).

Based upon the evidence before us, we are unable to determine as a matter of law that the continuous treatment doctrine does not apply. The nature, context, and timeliness of the contacts between Mr. Parker and the defendant present questions of fact as to the possible application of the continuous treatment doctrine (*see, McDermott v Torre,* 56 NY2d 399, *supra; see also, Edmonds v Getchonis,* 150 AD2d 879).

Finally, the Statute of Limitations involving the derivative action of the plaintiff Patricia Parker may also have been tolled (*see, Cappelluti v Skolnick,* 207 AD2d 763). Rosenblatt, J. P., Miller, O'Brien and McGinity, JJ., concur.