■ EILEEN CONWAY, Appellant, v NASSAU COUNTY MEDICAL CENTER et al., Defendants, and NASSAU COUNTY et al., Respondents. (Action No. 1.) EILEEN CONWAY, Appellant, v NASSAU COUNTY MEDICAL CENTER et al., Defendants, and NASSAU COUNTY, Respondent. (Action No. 2.) EILEEN CONWAY, Appellant, v NASSAU COUNTY MEDICAL CENTER et al., Defendants, and NASSAU COUNTY et al., Respondents. (Action No. 3.) [748 NYS2d 390] —In three related actions to recover damages for medical malpractice and wrongful death, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (DeMaro, J.), entered October 29, 2001, as granted the motion of the defendants County of Nassau and Shanker Iyer to dismiss the complaints insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

Anna Conway (hereinafter the patient), was treated at Nassau County Medical Center from September 28, 1994, until her transfer to Stony Brook University Hospital on December 27, 1994. On April 16, 1996, she commenced an action against, inter alia, Nassau County and Shanker Iyer, her attending physician at Nassau County Medical Center, for medical malpractice. Following the patient's death on May 23, 1996, her daughter, as the representative of her estate, commenced two separate actions seeking damages for wrongful death. Nassau County and Shanker Iyer moved for summary judgment dismissing all three complaints insofar as asserted against them on the ground that the initial action for medical malpractice was not commenced within the one-year and 90-day statute of limitations period contained in General Municipal Law § 50-i. Since the subsequent actions for wrongful death were predicated upon the same allegations of negligence as the mal-

practice action, the movants also sought dismissal of those complaints based upon the statute of limitations. The plaintiff opposed the motion, asserting that the continuous treatment doctrine tolled the statute of limitations during the time the patient was treated at Stony Brook University Hospital subsequent to her discharge from Nassau County Medical Center.

"Where, as here, a plaintiff seeks to impute a subsequently treating physician's continued treatment of a patient to a physician alleged to have earlier committed malpractice who is no longer involved in the patient's care, the continuous treatment doctrine is not available unless there is evidence of 'some relevant continuing relation' between the patient and the allegedly negligent doctor during the period of the subsequent treatment or 'an agency or other relevant relationship' between the allegedly wrong-doing physician and the subsequent treating physician" (*Pierre-Louis v Ching-Yuan Hwa,* 182 AD2d 55, 58, quoting *McDermott v Torre,* 56 NY2d 399, 403). In this case, the plaintiff failed to rebut the movants' showing that there was no relevant relationship between either them and the subsequently treating hospital, or them and the patient after her discharge from Nassau County Medical Center.

Furthermore, it is clear from the record that it was the patient and her family who made the decision to transfer her from Nassau County Medical Center to Stony Brook University Hospital. "As [the patient] herself no longer had any faith in [Nassau County Medical Center] she cannot be said to have had the 'continuing trust and confidence' [in her health care providers that] underlies the 'continuous treatment doctrine'" (*Richardson v Orentreich,* 64 NY2d 896, 898, citing *Coyne v Bersani,* 61 NY2d 939, 940). Moreover, because there is no evidence that the patient herself contemplated any continuity of relationship, declining to apply the continuous treatment doctrine would not "require a wronged patient to interrupt corrective efforts by serving a summons on the [negligent treatment provider]" (*Allende v New York City Health & Hosp. Corp.,* 90 NY2d 333, 339 [internal quotation marks omitted], citing *Borgia v City of New York,* 12 NY2d 151, 156). Therefore, the Supreme Court properly rejected the plaintiff's contention that the statute of limitations was tolled by virtue of the continuous treatment doctrine.

The plaintiff's remaining contentions are without merit. Feuerstein, J.P., McGinity, Luciano and Schmidt, JJ., concur.