■ JAMES R. DENLEA, Appellant-Respondent, v RONALD F. HANSWIRTH et al., Respondents, and NORMAN A. PETTI, Respondent-Appellant. [758 NYS2d 85] —In an action, inter alia, to recover damages for dental malpractice, (1) the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Murphy, J.), entered July 17, 2002, as granted those branches of the separate motions of the defendant Norman A. Petti and the defendants Ronald F. Hanswirth and Ronald F. Hanswirth, D.D.S., P.C., which were for summary judgment dismissing as time-barred so much of the complaint as asserted claims to recover damages for dental malpractice relating to treatment performed more than 2½ years prior to the commencement of the action, and (2) the defendant Norman A. Petti cross-appeals from so much of the same order as denied that branch of his motion which was for summary judgment dismissing so much of the complaint as asserted claims relating to dental treatment he performed between November 1997 and January 1998. Justice Schmidt has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion which was for summary judgment dismissing as time-barred so much of the complaint as asserted claims against the defendants Ronald F. Hanswirth and Ronald F. Hanswirth, D.D.S., P.C., to recover damages for dental malpractice relating to treatment performed more than 2½ years prior to the commencement of the action and substituting thereof a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff payable by the defendants Ronald F. Hanswirth and Ronald F. Hanswirth, D.D.S., P.C., and so much of the complaint as asserted claims against the defendants Ronald F. Hanswirth and Ronald F. Hanswirth, D.D.S., P.C., to recover damages for dental malpractice relating to treatment performed more than 2½ years prior to the commencement of the action is reinstated.

This action arises out of the placement of dental implants by

the defendant Dr. Norman A. Petti during February and March 1993, and the placement of prosthetic teeth and a bridge over the implants by the defendants Dr. Ronald F. Hanswirth and Ronald F. Hanswirth, D.D.S., P.C. (hereinafter Dr. Hanswirth), from March 1993 through September 1993. Following the placement of the implants, prosthetic teeth, and bridge, and at the instruction of Dr. Hanswirth, the plaintiff returned to Dr. Hanswirth's office for continuing treatments and examinations at six-month intervals until 1996. In November 1997 the plaintiff first complained regarding the implants and returned to both Drs. Petti and Hanswirth. Thereafter, the plaintiff visited Dr. Hanswirth in December 1997 and both Drs. Petti and Hanswirth in January 1998 for follow-up care. The plaintiff commenced the instant action in May 2000.

The Supreme Court properly granted summary judgment to Dr. Petti dismissing all dental malpractice claims relating to treatment provided more than 2½ years prior to the commencement of this action (*see* CPLR 214-a). The continuous treatment doctrine did not toll the statute of limitations with respect to those claims involving Dr. Petti for treatment provided more than 2½ years prior to the commencement of this action, as it was undisputed that Dr. Petti did not provide treatment between April 1993 and 1997 (*see Curcio v Ippolito,* 63 NY2d 967 [1984]; *Matter of Bulger v Nassau County Med. Ctr.,* 266 AD2d 212 [1999]; *Van Inwegen v Lucia,* 222 AD2d 576 [1995]).

The Supreme Court properly denied summary judgment to the defendant Dr. Petti for dismissal of claims based on treatment provided between November 1997 and January 1998, as there was an issue of fact concerning whether the plaintiff relied on Dr. Petti for continued care and treatment after the date of his last visit in November 1997 (*see Richardson v Orentreich,* 64 NY2d 896, 899 [1985]; *cf. Cox v Kingsboro Med. Group,* 214 AD2d 150 [1995], *affd* 88 NY2d 904 [1996]).

The Supreme Court erred in dismissing those claims to recover damages for dental malpractice relating to treatment performed by Dr. Hanswirth more than 2½ years prior to the commencement of this action as time-barred. An issue of fact as to whether Dr. Hanswirth provided a continuous course of treatment for the specific condition which gave rise to this action precludes summary judgment (*see* CPLR 214-a; *Corcia v Rothberg,* 279 AD2d 496 [2001]; *Parker v Jankunas,* 227 AD2d 537 [1996]; *Yelin v American Dental Ctr.,* 184 AD2d 693 [1992]). S. Miller, J.P., Friedmann, Schmidt and Cozier, JJ., concur.