■ BEVERLY VAUGHN, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [771 NYS2d 372]—

In an action to recover damages for medical malpractice, the plaintiff appeals, as limited by her brief, from (1) stated portions of an order of the Supreme Court, Kings County (Patterson, J.), dated August 15, 2002, which, inter alia, granted those branches of the motion of the defendants City of New York and City of New York Health and Hospitals Corporation which were for summary judgment dismissing so much of the complaint as is based on acts or omissions occurring before May 1997 insofar as asserted against the defendant City of New York Health and Hospitals Corporation, and for summary judgment dismissing the complaint insofar as asserted against the defendant City of New York, and as granted that branch of her cross motion which was to preclude those defendants from offering certain evidence only to the extent of setting the matter down for a discovery compliance conference to aid in the disposition of that branch of the cross motion, and (2) an order of the same court dated September 25, 2002, which, after a discovery compliance conference, in effect, denied that branch of her cross motion which was to preclude HHC from offering evidence with respect to all issues for which it had not provided discovery.

Ordered that the appeal from so much of the order dated August 15, 2002, as granted that branch of the cross motion which was for preclusion only to the extent of setting the matter down for a compliance conference is dismissed, as that part of the order was superseded by the order dated September 25, 2002; and it is further,

Ordered that the order dated August 15, 2002, is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants City of New York and City of New York Health and Hospitals Corporation which was for summary judgment dismissing so much of the complaint as is based on acts or omissions occurring before May 1997 insofar as asserted against the defendant City of New York Health and Hospitals Corporation and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order dated September 25, 2002, is affirmed, without costs or disbursements.

There are issues of fact as to whether the care received by the plaintiff at Gouverneur Hospital before May 1997 constituted a continuous course of treatment which would toll the statute of limitations (*see Parker v Jankunas,* 227 AD2d 537 [1996]). The fact that the plaintiff did not have contact with the hospital for a period of time which exceeded the statute of limitations does not preclude application of the continuous treatment doctrine, as she had scheduled appointments during that time, although she failed to keep those appointments, and subsequently returned to the hospital for treatment (*see Massie v Crawford,* 78 NY2d 516, 519 [1991]; *Richardson v Orentreich,* 64 NY2d 896 [1985]; *Parker v Jankunas, supra; compare Bellmund v Beth Israel Hosp.,* 131 AD2d 796 [1987]). Consequently, the Supreme Court erred in dismissing so much of the complaint as is based on acts or omissions occurring before May 1997 insofar as asserted against the defendant City of New York Health and Hospitals Corporation (hereinafter HHC). However, the Supreme Court correctly concluded that any continuous treatment at Gouverneur Hospital could not be imputed to the City of New York. Accordingly, it properly dismissed the complaint insofar as asserted against the City of New York as time-barred (*see McDermott v Torre,* 56 NY2d 399 [1982]; *Conway v Nassau County Med. Ctr.,* 298 AD2d 423 [2002]; *cf. Cotto v City of New York,* 99 AD2d 748 [1984]).

The Supreme Court providently exercised its discretion by, in effect, denying that branch of the plaintiff's cross motion which was to preclude HHC from offering evidence with respect to all issues for which it had not provided discovery and, instead, directing HHC to provide the outstanding discovery within 20 days, as there was no showing that the failure to comply with the discovery demands was willful or contumacious (*see Bach v City of New York,* 304 AD2d 686 [2003]).

The plaintiff's remaining contentions are without merit. Altman, J.P., Krausman, Adams and Townes, JJ., concur.