YSABELLA RAMOS, Appellant, v EMMANUIL RAKHMANCHIK et al., Respondents. [852 NYS2d 295]—

In an action to recover damages for medical malpractice and wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Steinhardt, J.), dated October 17, 2006, which granted the defendants' motion for partial summary judgment dismissing all causes of action that were based on treatment rendered before June 2002 as time-barred and for failure to timely serve a notice of claim.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for partial summary judgment dismissing all causes of action that were based on treatment rendered before June 2002 as time-barred and for failure to timely serve a notice of claim is denied.

On October 9, 2001 the plaintiff's decedent sought treatment for chest pain and shortness of breath at the defendant Coney Island Hospital (hereinafter the Hospital), a municipal hospital owned and operated by the defendant New York City Health and Hospitals Corporation (hereinafter HHC). From October to December she returned to the Hospital for two more visits, complaining of palpitations and a cough. At her visit on

December 17, 2001 she was directed to return in three months. The decedent missed her next appointment, but returned in June 2002 complaining of a cough and shoulder pain. After several further visits, she was diagnosed with lung cancer in November 2002.

The decedent served a notice of claim on November 15, 2002 and commenced this action in June 2003. She died on May 13, 2004 after being admitted to the emergency room for severe respiratory distress, and the complaint was subsequently amended to add a cause of action alleging wrongful death. The defendants moved for partial summary judgment dismissing all causes of action that were based on treatment rendered before June 2002 as barred by the applicable statute of limitations (*see* McKinney's Unconsolidated Laws of NY § 7401 [2]) and for failure to serve a timely notice of claim (*see* General Municipal Law § 50-e; McKinney's Unconsolidated Laws § 7401 [2]). The Supreme Court granted the motion and the plaintiff appeals. We reverse.

In opposition to the defendants' prima facie showing of entitlement to partial summary judgment, the plaintiff raised a triable issue of fact as to whether the continuous treatment doctrine may be invoked (*see Shifrina v City of New York,* 5 AD3d 660 [2004]; *Couch v County of Suffolk,* 296 AD2d 194 [2002]). The 90-day period for serving a notice of claim and the statute of limitations may be tolled when continuous treatment is sought for the same illness, injury, or condition which gave rise to the alleged malpractice (*see Plummer v New York City Health & Hosps. Corp.,* 98 NY2d 263, 267 [2002]; *McDermott v Torre,* 56 NY2d 399, 406 [1982]). "Included within the scope of 'continuous treatment' is a timely return visit instigated by the patient to complain about and seek treatment for a matter related to the initial treatment" (*McDermott v Torre,* 56 NY2d at 406, quoting *Couch v County of Suffolk,* 296 AD2d at 196).

Here, the decedent repeatedly sought treatment from HHC for symptoms that, according to the plaintiff's expert affidavit, were all indicative of lung cancer. In wrongful death actions, "the plaintiff is entitled to every inference that can reasonably be drawn from the evidence in determining whether a prima facie case is made" (*Marsch v Catanzaro,* 40 AD3d 941, 942 [2007]). Here, it can be reasonably inferred that the decedent did not intend to sever her relationship with the defendants when she missed one appointment but returned three months later seeking treatment for related conditions. Thus, the Supreme Court erred in granting partial summary judgment dismissing all causes of action that were based on treatment rendered before June 2002 (*see Vaughn v City of New York,* 4

AD3d 412, 414 [2004]). Mastro, J.P., Skelos, Florio and Dickerson, JJ., concur.