■ DENICE LaBARCA ZITO, Appellant, v EDWARD JASTREMSKI et al., Respondents, et al., Defendant. [871 NYS2d 717]—

In an action, inter alia, to recover damages for dental malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Straniere, J.), entered August 24, 2007, as granted that branch of the motion of the defendants Edward Jastremski and Edward Jastremski, D.D.S., P.C., which was for summary judgment dismissing so much of the complaint as sought to recover damages for dental malpractice relating to treatment rendered prior to November 12, 2001, insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the

provision thereof granting that branch of the motion of the defendants Edward Jastremski and Edward Jastremski, D.D.S., P.C., which was for summary judgment dismissing so much of the complaint as sought to recover damages for dental malpractice relating to treatment performed on teeth three, four, and five prior to November 12, 2001, insofar as asserted against them and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action on May 11, 2004 alleging, inter alia, that the defendants Edward Jastremski, a dentist, and his practice, Edward Jastremski, D.D.S., P.C. (hereinafter together the defendants), rendered negligent dental treatment from October 1997 through July 2003. The plaintiff alleged that the defendants were negligent in, among other things, installing a defective bridge spanning teeth three, four, and five; providing improper post and core and crown work on tooth 14; causing the loss of teeth 3, 14, and 15; and performing unnecessary root canal therapy on teeth 14 and 15.

The defendants moved for summary judgment dismissing all claims of malpractice alleged to have accrued prior to November 12, 2001, on the ground that those claims were barred by the relevant 2½-year statute of limitations (see CPLR 214-a). In opposition to the motion, the plaintiff argued that the defendants treated teeth three, four, and five from June 14, 1999, tooth 14 from May 18, 2001, and tooth 15 from October 15, 1997, and that the continuous treatment doctrine defeated the defendants' contention that the claims as to those teeth were time-barred. The Supreme Court, inter alia, awarded the defendants summary judgment dismissing all claims for alleged malpractice occurring prior to November 12, 2001. We modify.

The defendants made a prima facie showing of their entitlement to judgment as a matter of law by demonstrating that the claims based upon dental malpractice referable to treatment rendered prior to November 12, 2001, were time-barred (see Massie v Crawford, 78 NY2d 516, 519 [1991]; Kasten v Blaustein, 214 AD2d 539 [1995]). The burden then shifted to the plaintiff to raise a triable issue of fact as to whether the continuous treatment doctrine applied (see Lane v Feinberg, 293 AD2d 654, 655 [2002]; Kasten v Blaustein, 214 AD2d at 539).

Contrary to the plaintiff's contentions, the court properly determined that she was not entitled to the benefit of the continuous treatment doctrine with respect to the claims involving teeth 14 and 15. It thus properly awarded summary judgment to the defendants dismissing the claims arising out of the

treatment they rendered to those teeth prior to November 12, 2001, on the ground that the claims were time-barred (*see* CPLR 214-a; *Lane v Feinberg,* 293 AD2d at 655). With respect to those teeth, while the dental records demonstrate that the plaintiff and the defendants were engaged in an ongoing dentist-patient relationship, the plaintiff failed to show that the treatment after November 12, 2001 constituted "continuous treatment for the same illness, injury, or condition underlying the subject causes of action" that was alleged in the complaint and supplemental bill of particulars (*Lane v Feinberg,* 293 AD2d at 655; *see* CPLR 214-a; *Bender v Fischburg,* 272 AD2d 425 [2000]; *Juba v Bachman,* 255 AD2d 492 [1998]; *Kasten v Blaustein,* 214 AD2d 539 [1995]).

However, the plaintiff raised a triable issue of fact as to whether the defendants continuously treated a bridge which spanned teeth three, four, and five by, among other things, permanently cementing it in 2003. The dental records and Jastremski's affidavit reveal ongoing appointments and work relating to the bridge within the relevant limitations period. Based upon this evidence we cannot conclude, as a matter of law, that the continuous treatment doctrine is inapplicable (*see Parker v Jankunas,* 227 AD2d 537, 538 [1996]) to the plaintiff's claims against the defendants pertaining to teeth 3, 4, and 5. The nature, context, and timeliness of the contacts between the plaintiff and the defendants present triable issues of fact as to the possible application of the continuous treatment doctrine (*id.*). Accordingly, the court should have denied that branch of the defendants' motion which was for summary judgment dismissing the plaintiff's claims pertaining to teeth three, four, and five, insofar as asserted against them, to the extent that the claims involved treatment rendered with respect to those teeth prior to November 12, 2001.

Since there was sufficient evidence in the record to raise a triable issue of fact without considering certain disputed deposition testimony, it is unnecessary for us to reach the issue of whether that testimony was admissible in opposition to the motion. Rivera, J.P., Santucci, Carni and Dickerson, JJ., concur.