■ MICHAEL J. YOUNG et al., Appellants, v STEVEN STRUHL et al., Respondents, et al., Defendants. [914 NYS2d 289]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Rosenberg, J.), dated June 15, 2009, which granted the motion of the defendants Steven Struhl and Steven Struhl, M.D., P.C., for summary judgment dismissing the complaint insofar as asserted against those defendants.

Ordered that the order is reversed, on the law, with costs, and

the motion of the defendants Steven Struhl and Steven Struhl, M.D., P.C., for summary judgment dismissing the complaint insofar as asserted against them is denied.

The moving defendants failed to establish their prima facie entitlement to judgment as a matter of with respect to the issue of whether they provided a continuous course of treatment for the specific condition giving rise to the instant action, so as to toll the statute of limitations (*see* CPLR 214-a; *Zito v Jastremski*, 58 AD3d 724, 726 [2009]; *Vaughn v City of New York*, 4 AD3d 412, 414 [2004]; *Denlea v Hanswirth*, 303 AD2d 711, 712 [2003]). Moreover, although the moving defendants made a prima facie showing of their entitlement to judgment as a matter of law by submitting the affidavit of two experts who opined, inter alia, that the moving defendants did not deviate from accepted standards of care in their treatment of the plaintiff Michael J. Young, and that any alleged deviation was not the proximate cause of the plaintiffs' damages, the affidavit of the plaintiffs' expert, submitted in opposition to the motion, raised triable issues of fact (*see* *Martin v Siegenfeld*, 70 AD3d 786, 787-788 [2010]; *Colao v St. Vincent's Med. Ctr.*, 65 AD3d 660, 661-662 [2009]; *Howard v Kennedy*, 60 AD3d 905, 906 [2009]). Accordingly, the Supreme Court should have denied the motion of the defendants Steven Struhl and Steven Struhl, M.D., P.C., for summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Dickerson, Chambers and Lott, JJ., concur.