Hillary v Gerstein (2019 NY Slip Op 08658)





Hillary v Gerstein


2019 NY Slip Op 08658


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-04130
 (Index No. 604747/17)

[*1]John Hillary, etc., et al., appellants,
v
Edgar Gerstein, etc., respondent, et al., defendants.


Stewart Law Firm, PLLC, Rosedale, NY (Charmaine M. Stewart and Marina V. Moreno of counsel), for appellants.
Bartlett LLP, Mineola, NY (Brian E. Lee of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered February 16, 2018. The order, insofar as appealed from, granted those branches of the motion of the defendant Edgar Gerstein which were for summary judgment dismissing the first and fourth causes of action, which alleged medical malpractice, insofar as asserted against him as time-barred and denied the cross motion of the plaintiffs for leave to serve a second amended complaint.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, those branches of the motion of the defendant Edgar Gerstein which were for summary judgment dismissing the first and fourth causes of action, which alleged medical malpractice, insofar as asserted against him as time-barred are denied, and the matter is remitted to the Supreme Court, Nassau County, for a new determination with respect to the plaintiffs' cross motion consistent herewith.
In August 2014, the plaintiffs' decedent was involuntarily committed to the psychiatric unit at the defendant Nassau University Medical Center after staff there determined that she was at a high risk of self harm as well as harm to others. She was discharged after nine days and instructed to attend group counseling sessions. Thereafter, on November 20, 2014, the decedent met with the defendant Edgar Gerstein (hereinafter the defendant) in his private psychiatric practice. The defendant's medical records refer to a diagnosis, and indicate that another appointment was scheduled for December 11, 2014. On day following her appointment—November 21, 2014—the defendant spoke to the decedent and informed her that she should be treated by a full-time practitioner and that he only worked part-time. The defendant claims that he attempted to cancel the December 11, 2014, follow-up appointment, but the cancellation did not occur. On November 24, 2014, the decedent committed suicide by jumping in front of a moving train.
On May 24, 2017, the plaintiffs commenced this action, inter alia, to recover damages for medical malpractice against the defendant, among others. After issue was joined, but prior to the completion of discovery, the defendant moved, inter alia, for summary judgment dismissing the first and fourth causes of action, which alleged medical malpractice, insofar as asserted against him as time-barred. The plaintiffs opposed the motion and cross-moved for leave to serve a second amended complaint, inter alia, asserting the continuous treatment doctrine. In an order entered [*2]February 16, 2018, the Supreme Court, inter alia, granted those branches of the defendant's motion which were for summary judgment dismissing the first and fourth causes of action insofar as asserted against him as time-barred and denied the plaintiffs' cross motion for leave to serve a second amended complaint. The plaintiffs appeal.
Under the continuous treatment doctrine, the period of limitations does not begin to run until the end of the course of treatment if three conditions are met: (1) the patient "continued to seek, and in fact obtained, an actual course of treatment from the defendant physician during the relevant period"; (2) the course of treatment was "for the same conditions or complaints underlying the plaintiff's medical malpractice claim"; and (3) the treatment is "continuous" (Gomez v Katz, 61 AD3d 108, 111-112). To satisfy the requirement that treatment is continuous, further treatment must be explicitly anticipated by both the physician and the patient, as demonstrated by a regularly scheduled appointment for the near future (see Roca v Perel, 51 AD3d 757, 760). "The law recognizes, however, that a discharge by a physician does not preclude application of the continuous treatment toll if the patient timely initiates a return visit to complain about and seek further treatment for conditions related to the earlier treatment" (Gomez v Katz, 61 AD3d at 113; see McDermott v Torre, 56 NY2d 399, 406; Ramos v Rakhmanchik, 48 AD3d 657, 658).
Here, it is undisputed that the decedent sought treatment from the defendant on November 20, 2014, and a follow-up appointment was scheduled for December 11, 2014. The defendant claims that on November 21, 2014, he called the decedent to cancel the appointment, and told the decedent that she should be treated by a full-time practitioner. However, the appointment was not cancelled.
In Allende v New York City Health & Hosps Corp. (90 NY2d 333), relied upon by the Supreme Court and the parties, the plaintiff was advised to return to the hospital, but never made an appointment and did not return. Here, the decedent agreed to another appointment. The fact that the decedent committed suicide before her next appointment does not mean that she did not agree to seek further treatment—or never intended to keep her appointment.
The question here is whether the statute of limitations began to run on November 20, 2014, when the decedent met with the defendant for a medical appointment, or November 24, 2014, when she died. The Supreme Court concluded that the limited interactions between the defendant and the decedent failed to give rise to a continuing trust and confidence between them upon which the court could conclude that the decedent anticipated further treatment. However, since a further appointment was scheduled and was not cancelled—further treatment of some sort was anticipated, or there is at least a triable issue of fact on that issue (cf. Venditti v St. Catherine of Siena Med. Ctr., 98 AD3d 1035, 1037 ["On the record presented, after the visit on August 1, 2001, the decedent and the physician did not mutually agree upon or anticipate future appointments for the purpose of treating" the relevant conditions]). Accordingly, those branches of the defendant's motion which were for summary judgment dismissing the first and fourth causes of action insofar as asserted against the defendant as time-barred should have been denied, and we remit the matter to the Supreme Court, Nassau County, for a new determination with respect to the plaintiffs' cross motion consistent herewith.
HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
RIVERA, J.P., dissents, and votes to affirm the order insofar as appealed from with the following memorandum:
Respectfully, I agree with the Supreme Court's determination to grant those branches of the motion of the defendant Edgar Gerstein which were for summary judgment dismissing the first and fourth causes of action insofar as asserted against him as time-barred and to deny the plaintiffs' cross motion for leave to serve a second amended complaint.
On May 24, 2017, the plaintiffs commenced this action, inter alia, to recover damages for medical malpractice against the defendant Edgar Gerstein (hereinafter the defendant), among [*3]others. As relevant to the instant appeal, in the initial complaint, dated May 19, 2017, and an amended complaint dated August 9, 2017, the plaintiffs alleged that "[b]eginning on or about November 20, 2014 through November 24, 2014," the defendant rendered professional medical services to Talesha Tamarsha Hillary (hereinafter the decedent). They further alleged that the decedent was "seen" by the defendant in his private practice on November 20, 2014. Moreover, the plaintiffs alleged that "during said visit," the defendant "opined that, based on her condition," the decedent "required full time care." However, they asserted that the defendant "failed to take adequate precautionary measures to ensure the care was received and the safety of the patient." On November 24, 2014, the decedent committed suicide by jumping in front of a moving train.
A medical malpractice action "must be commenced within two years and six months of the act, omission or failure complained of or last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the said act, omission or failure" (CPLR 214-a). A defendant who seeks dismissal of a complaint on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to commence an action has expired (see id.; Mello v Long Is. Vitreo-Retinal Consultant, P.C., 172 AD3d 849, 850; Gomez v Katz, 61 AD3d 108, 113).
Here, I find that the defendant established, prima facie, that any alleged wrongful act or omission occurred on November 20, 2014, more than two years and six months before the action was commenced. Accordingly, the burden shifted to the plaintiffs to raise a triable issue of fact as to whether those allegations fell within an exception to the statute of limitations or whether the continuous treatment doctrine applied to toll the statute of limitations (see Schwelnus v Urological Assoc. of L.I., P.C., 94 AD3d 971, 973).
Contrary to the determination of my colleagues in the majority, I opine that the plaintiffs failed to raise a triable issue of fact as to the existence of a continuous course of treatment (see Young v New York City Health & Hosps. Corp., 91 NY2d 291, 295-296; Cox v Kingsboro Med. Group, 88 NY2d 904, 906; Nykorchuck v Henriques, 78 NY2d 255, 258-259). "Under the continuous treatment doctrine, the limitations period does not begin to run until the end of the course of treatment if three conditions are met: (1) the patient continued to seek, and in fact obtained, an actual course of treatment from the defendant physician during the relevant period'; (2) the course of treatment was for the same conditions or complaints underlying the plaintiff's medical malpractice claim'; and (3) the treatment is continuous'" (Murray v Charap, 150 AD3d 752, 754, quoting Gomez v Katz, 61 AD3d at 111-112). The plaintiffs failed to meet these three principal elements. It is undisputed that the decedent met with the defendant on only one occasion, namely, on November 20, 2014. There was no showing of affirmative and ongoing conduct by the defendant which related to the same conditions or complaints underlying the medical malpractice causes of action, and a continuity of treatment.
I do not concur with the majority's conclusion that since a further appointment was scheduled for December 11, 2014, "further treatment of some sort was anticipated," and thus, the plaintiffs raised a triable issue of fact on that issue (majority op. at 3). "Treatment" does not necessarily terminate upon a patient's last visit if further care or monitoring of the condition is "explicitly anticipated by both physician and patient as manifested in the form of a regularly scheduled appointment for the near future, agreed upon during the last visit, in conformance with the periodic appointments which characterized the treatment in the immediate past" (Richardson v Orentreich, 64 NY2d 896, 898-899; see Cohen v Gold, 165 AD3d 879, 882; Petito v Roberts, 113 AD3d 743, 744). However, the record conclusively demonstrates that the decedent committed suicide on November 24, 2014. She never appeared for any subsequent appointment. According to an entry in one of the defendant's medical records, the decedent was called on November 21, 2014, for the purpose of canceling the appointment scheduled for December 11, 2014. Moreover, other than the single visit on November 20, 2014, there were no periodic appointments which characterized any treatment in the past.
In sum, "continuous treatment" involves more than a physician-patient relationship and there must be "ongoing treatment of a medical condition" (Massie v Crawford, 78 NY2d 516, 519). One single visit and the scheduling of a second appointment that never materialized do not [*4]constitute "continuous treatment."
In light of this determination, I also agree with the Supreme Court's denial of the plaintiffs' cross motion for leave to serve a second amended complaint.
ENTER:
Aprilanne Agostino
Clerk of the Court